**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| RANDALL SCHOFIELD, | : | |
| Petitioner, | : | |
| v. | : | Case No. 3:26-cv-102-TES-ALS |
| Warden JACOB BEASLEY,[1] | : | |
| Respondent. | : | |

**ORDER**

Petitioner Randall Schofield, a prisoner at Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a handwritten document that has been docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] ECF No. 1. In the document, Petitioner requests that this Court provide him with an attorney to help him appeal an illegal sentence. *Id.* at 1. It is not clear whether Petitioner is attempting to file a habeas corpus petition in this Court or asking this Court to appoint an attorney for his state court appeals. *See generally id.*

Additionally, Petitioner filed a amotion asking for "funds to be reduce[d] or void," requesting appointed counsel to help him file a motion, and asking to have his sentence

[1] The State of Georgia and Warden Jacob Beasley are both listed as Respondents on the docket. Because Petitioner is a prisoner in the Georgia Diagnostic and Classification Prison, the proper respondent is Warden Beasley. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a petition for a writ of habeas corpus is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that a petitioner's custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court"). The clerk is **DIRECTED** to update the docket accordingly.

[2] Petitioner filed this document in the Northern District of Georgia, which transferred the case to this Court. ECF No. 2.

modified. ECF No. 5. Petitioner subsequently filed a second motion, which again asked for counsel to be appointed to help him file a motion. ECF No. 6.

If he wants to proceed with a habeas corpus petition in this Court, Petitioner must first complete the enclosed 28 U.S.C. § 2254 form in full, including all information regarding how and when he exhausted state remedies.[3] Petitioner should be aware that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). To properly exhaust state remedies, a petitioner must present every claim raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner must also either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis* ("IFP"), which must include "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." Habeas Corpus R. 3(a)(2).

Petitioner is **ORDERED** to complete **IN FULL** the attached § 2254 form. He is also **ORDERED** to either pay the $5.00 filing fee or file an application requesting leave

---

[3] To the extent that he is seeking to have this Court appoint him counsel to assist with state court appeals or other state court proceedings, that relief is not available in this case. *See In Re Lindsey*, 875 F.2d 1502, 1507-08 (11th Cir. 1989) (concluding that 18 U.S.C. § 3006A, which allows for appointment of counsel in certain 28 U.S.C. § 2254 proceedings, does not entitle a petitioner to federally appointed counsel to pursue state court relief).

to proceed IFP, which must include the required affidavit and certificate. Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply and his failure to do so may result in the dismissal of this action.[4]

The Clerk of Court is **DIRECTED** to forward the appropriate § 2254 petition and IFP forms (all showing this civil action number) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 18th day of November, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

[4] The Court will consider Petitioner's motions for appointment of counsel after Petitioner submits a complete petition and either pays the filing fee or properly moves the Court to proceed IFP.